UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD TWORT,

        Plaintiff,                              Case No. 12-12569
                                                         Honorable Thomas L. Ludington

v.

CIGNA GROUP INSURANCE, and
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

        Defendant.
        _____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff is suing for benefits under life-insurance policies that require legal actions to be initiated within three years of a claim's accrual. Plaintiff waited twice that long before filing this suit.

In June 2012, Plaintiff filed a complaint against Defendants Cigna Group Insurance and Life Insurance Company of North America (LINA). Plaintiff alleges that Defendants, as issuers of short-term and long-term disability insurance policies, wrongfully denied his claim for disability benefits. Plaintiff was a participant in Henry Ford Health System's (HFHS) group welfare benefit plan called "Group Short Term Disability Insurance Policy" and "Group Long Term Disability Insurance Policy." These plans are governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. Under the applicable policies, in order to qualify for disability benefits, an eligible participant must provide proof of loss to LINA within 90 days of the onset of any disability. Additionally, the policies require that any legal action brought to enforce the claims be filed within three years from the date proof of loss is required.

Plaintiff alleges that he became disabled on June 14, 2006. Thus, under the HFHS policies, his proof of loss was due on or before September 12 2006; and any legal action must have commenced on or before September 11, 2009. But Plaintiff did not file his complaint until June 13, 2012. Subsequently, Defendants filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion will be granted.

I

Plaintiff participated, by contributing a portion of his income, in the disability policies as a benefit of his employment with HFHS. Based on a diagnosis by his physician, Plaintiff alleges that he became entitled to disability payments on June 14, 2006. The Social Security Administration likewise found Plaintiff to be totally disabled since June 2006.

However, on November 16, 2006, Plaintiff received a letter from HFHS establishing that his monthly disability benefits under the disability policies had been overpaid, and giving notice that disability benefit payments would be discontinued. According to Plaintiff, despite repeated demands, Defendants failed to reinstate his disability benefits or to provide an accounting. On or about September 14, 2007, Plaintiff formally appealed the denial and discontinuation of disability benefits in accordance with the claims review and appeal procedure for the policies. On December 17, 2007, Plaintiff's appeal was denied.

LINA issued the relevant policies to HFHS: a short-term disability policy (STD Policy) labeled LK-100002; and a long-term disability policy (LTD Policy) labeled LK-980015. *See* Pl.'s Compl. Exs. A, B. Under both policies, an eligible participant is required to provide LINA proof of loss within 90 days after the date of disability: "You must provide written proof of loss to [LINA], or proof by any other electronic/telephonic means authorized by [LINA], within 90 days after the date of the loss for which a claim is made." Pl.'s Compl. Ex. A, at 19; Pl.'s

Compl. Ex. B, at 22. Like the proof of loss requirement, both the STD Policy and the LTD Policy contain the exact same requirement for legal actions:

> No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by [LINA], has been furnished as required by the Policy. *No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.*

Pl.'s Compl. Ex. A, at 20; Pl.'s Compl. Ex. B, at 23 (emphasis added). Despite these requirements, and the fact that Plaintiff established his date of disability as June 14, 2006, Plaintiff did not file his complaint until June 13, 2012 — six years after his claim accrued. Defendants subsequently filed a motion to dismiss Plaintiff's complaint, arguing it is time-barred.

## II

Generally, a Rule 12(b)(6) motion to dismiss on limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *New Eng. Health Care Emps. Pension Fund v. Ernst & Yong, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (emphasis in original) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)); *see also Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945) (stating that "[t]he defense of the statute of limitations is covered by [Rule12(b)](6), and therefore is properly raised by motion."); *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time."). Further, on a motion to dismiss, both documents attached to the pleadings and referenced in the pleadings may be considered without converting the motion into one for summary judgment. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007).

### III

Plaintiff did not file his lawsuit within the required three years of the date his proof of loss was due. Because the limitation period found in the policies is binding, Plaintiff's complaint will be dismissed.

ERISA establishes no statute of limitations for benefits claims, and so courts generally adopt the most analogous state statute of limitations. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009). In Michigan, the statute of limitations for a matter arising under a contract or insurance policy is six years after the accrual of the claim. *See* Mich. Comp. Laws 600.5807(8); *DAIIE v. Hafendorfer*, 197 N.W.2d 155, 156 (Mich. Ct. App. 1972). However, this statutory limitation period is displaced if the parties to an ERISA-governed plan contractually establish a limitation period for lawsuits, so long as the limitation period is reasonable. *Rice*, 578 F.3d at 454; *see also Med. Mut. of Ohio v. K. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008).

There is no dispute here that both the STD Policy and the LTD Policy establish that any lawsuits must commence within three years after the proof of loss is due (90 days after the claim's accrual). Plaintiff acknowledges both plans had such a clause. *See* Pl.'s Resp. 3 ("Plaintiff concedes that both policies include the clause requiring that an action be filed within three years of accrual of the claim"). Additionally, numerous courts within the Sixth Circuit have held that contractual three-year limitations in insurance and benefits lawsuits are reasonable. *See Rice*, 578 F.3d at 454; *Longazel v. Fort Dearborn Life Ins. Co.*, 363 F. App'x 365, 368–69 (6th Cir. 2010) (unpublished); *Park v. Unum Life Ins. Co. of Am.*, 702 F. Supp. 2d 934, 941 (E.D. Tenn. 2010); *Med. Mut. of Ohio*, 548 F.3d at 390; *Jackson v. Unum Life Ins. Co. of Am.*, No. 02-507, 2003 WL 1142549, at *2 (W.D. Mich. Jan. 23, 2002) (unpublished); *Clark*

*v. NBD Bank, N.A.*, 3 F. App'x 500, 504 (6th Cir. 2001) (unpublished); *Boomis v. Met. Life Ins. Co.*, 970 F. Supp. 584, 589 (E.D. Mich. 1997).

Plaintiff does not dispute any of this, supplying only a brief response to Defendants' motion to dismiss. Plaintiff's argument, which really is restricted to one page, is that the clauses "were not negotiated between the parties and should not be enforced." Pl.'s Resp. 3–4. He goes on to assert, without advancing any legal authority, that "[t]he case law upholding clauses such as the clauses herein is bad law." *Id*. at 4.

To the first argument, Plaintiff's claim involves ERISA-governed group insurance policies. In alleging that this case is governed by ERISA and he was a plan participant, Plaintiff effectively concedes that his employer — not he himself — negotiated the policies with Defendant LINA. *See Nicholas v. Standard Ins. Co.*, 48 F. App'x 557, 564 (6th Cir. 2002) (unpublished) (establishing that an ERISA plan is one where the employer "negotiates the terms or benefits of the policy" on behalf of those eligible for coverage, and that such plans are enforceable). Therefore, his claim that the limitations clauses are not enforceable because he did not negotiate and bargain for them is without merit, his employer did that for him.

Plaintiff's only other argument is even further afield. He claims that Sixth Circuit precedent enforcing three-year insurance claim limitations is "bad law." He does not provide any examples where a three-year limitation was not enforced because it was held to be unreasonable, nor does he provide any authority for ignoring binding precedent. This is likely because there is none. *See United States v. Roper*, 266 F.3d 526, 530 (6th Cir. 2001) ("prior published opinion of [the Sixth Circuit] is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by [the Sixth Circuit] sitting en banc") (citing *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.

1996)). There is no Supreme Court or en banc opinion overruling the relevant Sixth Circuit opinions which establish that three year statute-of-limitations periods in ERISA policies are reasonable. Both of Plaintiff's arguments lack merit. The three-year limitation is binding and enforceable because it was contractually established and reasonable.

Both the STD Policy and the LTD Policy in this case required any lawsuits to be filed within three years after proof of loss came due. For Plaintiff, that was September 11, 2009. But he did not file this lawsuit until almost three years later. Plaintiff can prove no set of facts to circumvent this requirement, and therefore no set of facts entitling him to relief. Defendants' motion will be granted.

## IV

Accordingly, it is **ORDERED** that Defendants' motion to dismiss, ECF No. 9, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DIMISSED** with prejudice. This is a final order and closes the case.

Dated: February 27, 2013                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

**PROOF OF SERVICE**
The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2013.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS